OPINION*of the Court, by
Ch. J. Bibb.
— -The declaration charges, that the defendants did covenant by their writing obligatory, sealed, &c. that, in consideration of an order drawn by one of the defendants on John Mason, for 151 dollars and 2-3, in favor of the plaintiff, if the said Mason did not accept and pay the order to the plaintiff in twelve months from the date thereof, that then and in that case the said defendants, upon the delivery up of the order aforesaid, bound themselves to pay the said amount when required so to do ; and assigns for breaeh, that the defendants have ’ . ü ’ . not kept their covenant, although^ often required, but have altogether broken it. The action abated by the death of one defendant and judgment went by default of the Other.
This assignment of breach is too general. There is no averment that Mason did not accept or pay the order in twelve months from the date, nor is there any averment that the plaintiff delivered up or offered to deliver up the order to the defendants in the action, or to either of them. The covenant created a duty on the part of the defendants upon two contingencies ; that Mason did not accept and pay the order within the time limited, and if so, then that the order should be delivered up to the defendants ; neither of these are averred, and therefore the declaration is materially defective and shews no cause of action.
As to the want of an endorsement of the species of action on the writ, it cannot be taken advantage of here; *466 the defendant in the action bdow should have availed himself of it by motion, as pointed out by the statute.
As to the -5th assignment of error, that “ the breach assigned is not in the words of the covenant,” there is no force in it. The plaintiff is not compelled to assign the breach in the words of the covenant, although in many cases it will be a sufficient assignment. But if the declaration alleges plainly and distinctly, a breach of the stipulation or stipulations within the covenant, whether in the words of the covenant or in his own words, is very immaterial.
Upon the first point, however, the judgment must be reversed.
It is therefore considered that the said judgment b© reversed, the cause remanded to the said circuit, thas new proceedings may be had, to commence by granting leave, if asked, to amend the declaration, &c.